IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA BLACK-MARSHALL, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 18-00319-N |
| | ) |
| DILLARD'S INC., | ) |
| HIGBEE SALVA, L.P., d/b/a | ) |
| DILLARD'S et al. | ) |
| | ) |
|   Defendants. | ) |

## ORDER

This action is before the Court on the Motion for Summary Judgment under Federal Rule of Civil Procedure 56 (Doc. 50) and separate memorandum and exhibits in support (Doc. 51) filed by Defendants Higbee SALVA, L.P., on behalf of Dillard's Inc. ("Dillard's"). Plaintiff Linda Black-Marshall ("Marshall") has timely filed a response (Doc. 54), supported by exhibits, in opposition to the motion, and Dillard's has timely filed a reply and supporting exhibits (Doc. 56) to the response. The motion is now under submission (*See* Doc. 52) and is ripe for disposition.

With consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 9, 11). Upon consideration, the Court finds that Dillard's Motion for Summary Judgment (Doc. 50) is due to be **GRANTED in part** and **DENIED in part.**

## I. <u>Applicable Legal Standards</u>

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if it might affect the outcome of the suit under governing law and it is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (quotations omitted). "Summary judgment is only appropriate if a case is 'so one-sided that one party must prevail as a matter of law.'" *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (citation omitted). However, a "'mere scintilla' of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) (per curiam). In other words, "there must be enough of a showing that the jury could reasonably find for that party … Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quotations omitted).

"[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Jackson*

*v. West*, 787 F.3d 1345, 1352 (11th Cir. 2015) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration adopted) (quotations omitted)). *See also Allen*, 121 F.3d 642, 646 (11th Cir. 1997) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." (quotations omitted)). "The Court 'must avoid weighing conflicting evidence or making credibility determinations.' " *Ave. CLO Fund*, 723 F.3d at 1294 (quoting *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000)). However, " 'an inference based on speculation and conjecture is not reasonable.' " *Id.* (quoting *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985)).

"Where, as here, the non-moving party bears the burden of proof on an issue at trial, the moving party, in order to prevail, must do one of two things: show that the non-moving party has no evidence to support its case, or present 'affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial.' " *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437–38 (11th Cir. 1991) (en banc)). "Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial." *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). "For issues on which the non-moving party will bear the burden of proof at trial, the non-moving party must either point to evidence in the record or present additional evidence 'sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary

deficiency.'" *Hammer*, 20 F.3d at 1141 (quoting *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Allen*, 121 F.3d at 646 (quotation omitted). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Id.* (quotation omitted). "Conclusory allegations and speculation are insufficient to create a genuine issue of material fact." *Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015) (citing *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.")).

Importantly, " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed

4

abandoned.'" *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)). Relatedly, while "it may consider other materials in the record[,]" the "court **need** consider **only** the cited materials…" Fed. R. Civ. P. 56(c)(3) (emphasis added).

## II. <u>Background</u>

Marshall, a resident of Habersham County, Georgia, was visiting her family on the date of the incident. On March 30, 2018, Marshall took her two granddaughters shopping at Dillard's in Bel Air Mall located in Mobile, Alabama. While in the children's clothing department at the display table, Marshall walked between a ballet bar and the display table, turned clockwise and tripped over a horizontal foot of the ballet bar retail clothing display. This resulted in a fall where she "went spiraling" to the floor. (Doc. 51-1 at 11). Among other injuries, Marshall suffered a broken left hip that was surgically replaced the following day. (Doc. 54-1 at 28).

Marshall commenced this civil case on June 13, 2018 in the Circuit Court of Mobile County. She alleges negligence and wantonness in her complaint. (*See* Doc. 1-1) After amending the complaint and properly adding Higbee SALVA, L.P. as a party,

Dillard's was properly served on July 5, 2018. Dillard's filed notice of removal on July 18, 2018, pursuant to U.S.C. §§ 1332, 1441 and 1446[1,2].

III. <u>Analysis</u>

   A. **Negligence**

Under Alabama law, "the elements of negligence in a premises liability case are the same as those in any tort litigation: duty, breach of duty, cause-in-fact, proximate or legal cause, and damages." *Sessions v. Nonnenmann*, 842 So. 2d 649, 651 (Ala. 2002). " 'Generally, a patron of business, such as a shopping center, is an invitee… An invitor's duty to an invitee is to keep his premises in a reasonably safe condition, and, if the premises are unsafe, to warn of hidden defects and dangers that are known to it, but that are unknown or hidden to the invitee.' " *Ex parte Kraatz*, 775 So. 2d 801, 803 (Ala. 2000) (quoting *Raspilar v. Bruno's Food Stores, Inc.*, 514 So. 2d 1022, 1023-24 (Ala. 1987)). " 'In order to be considered an invitee, the plaintiff must have been on the premises for some purpose that materially or commercially benefitted the owner or occupier of the premises.' " *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 741 (Ala. 2009) (quoting *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997)). "The owner of a premises…is not an insurer of the safety of his invitees, and the principle of *res ipsa loquitur* is not applicable. There is no

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C.§ 1332(a)(1).

[2] "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has the its principal place of business." 28 U.S.C. § 1332(c)(1).

presumption of negligence which arises from the mere fact of an injury to an invitee." *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978). "The law is well established that "the principle of res ipsa loquitor is not applicable and there is no presumption of negligence which arises from the mere fact of an injury to an invitee." *Giles v. Winn-Dixie Montgomery, LLC*, 2014 WL 252089 *3 (S.D. Ala. Jan. 23, 2014) (quoting *Tice*, 361 So. 2d at 1052).

"The duty owed to an invitee is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Hatfield v. Kmart Corp.*, 2005 WL 3115288 *2 (M.D. Ala. Nov. 18, 2005) (quoting *Williams v. Bruno's Inc.*, 632 So. 2d 19, 22 (Ala. 1993)). The court in *Lamson & Sessions Bolt Co. v. McCarty*, 173 So. 388 (1937), held:

> This court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purposes beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by use of ordinary care, to avoid it. *Geis v. Tennessee Coal, Iron & R. R. Co.*, 143 Ala. 299, 39 So. 301.

173 So. at 391.

Dillard's argues, in sum, that the "evidence does not support a claim that the subject clothing rack and its surroundings constitute a 'hazard,' as that term is defined under Alabama law." (Doc. 51 at 3). Specifically, Dillard's maintains that the ballet bar is not considered a "hidden danger, a hazard or defective condition," and further contends that a product is only defective when it is "an unreasonably

7

dangerous product … in  a condition not contemplated by the ultimate consumer." (Doc. 51 at 9 (citing *Remitter v. General Motors Corp.*, 723 So. 2d 25, 27 (Ala. 1998))).

Marshall asserts that "there is no issue with the design of the fixtures, rather, the close proximity of the fixture to opposing fixtures created a tripping hazard due to spacing." (Ex. 2, 115:21-116:3, *See* Doc. 54 at 3). Specifically, Marshall maintains that it was the proximity of the fixtures that created "a dangerous condition that was absolutely hidden." (Doc. 54 at 10). Marshall testified at her deposition that, "if that was the rack that has always been there or whatever, whenever I was there, it was, it was at an angle and closer to this table. Not far away. Because it was hard to walk between this table and this." (Doc. 54-1, Ex. 1:66). Additionally, Marshall argues that the "failure to provide 32 inches of space between the table and horizontal footing of the ballet bar rack (Ex.2 127:9-12) is in direct violation of the Dillard's Insurance and Safety Manuel, specifically where stores are to conduct monthly store self- inspections and to make sure the store is free of trip hazards and no protruding objects into floor and aisle ways." (Ex. 2, 129:14-130:9, *See* Doc. 54 at 3).

The Dillard's Insurance and Safety Manual states, "[i]t is the responsibility of the managers to ensure that all associates are aware of proper techniques in which to move fixtures safely to avoid injury."  Haley Andrews, a Dillard's sales associate in the children's department, was working the day of the incident.  Andrews testified that at the time of the incident she had been employed by Dillard's for two years but she was never informed of the mandatory distance between racks.

Q: Do you know how far apart clothing racks should be in a store?

> A: No, I don't.
>
> Q: Okay. Do you know if any supervisor that you worked with at Dillard's ever told about the distance between racks?
>
> A: No, they didn't.

(Doc. 54-6, Ex. 6:49). Andrews also testified that it was not uncommon for employees to set up displays unlike the specific diagram for displays because of different floor plans.

Dillard's relies heavily on the record evidence that there were no prior falls on the ballet bars and that a "lack of similar incidents demonstrates that the standard 'ballet bar' fixtures is not a hazard." (Doc. 51 at 10). However, Marshall contends that after supplemental production, it was confirmed that other incidents involving customers tripping over stationary objects had occurred since January 2015. (Doc. 54 at 9). Eight different incidents, including customers tripping over clothing racks, have been reported and can be seen in exhibits 10-13. *Id*.

Dillard's relies, in part, on *Lamson & Sessions Bolt*, wherein the court held that the plaintiff appreciated the danger after making several visits to other machine shops prior. The plaintiff testified that the machine shop had the "same sort of lay out that you generally see in a machine shop" and that the machine shop's floor was greasy, which "is customary in any machine shop." 173 So. 388 at 390. The court reasoned that a duty to keep premises safe and to warn of defects and conditions existed with hidden dangers and due to plaintiff's familiarity with other premises

alike, there was no hidden danger. The plaintiff was "under a duty to exercise reasonable care to conserve his own safety." *Id* at 391.

Unlike the plaintiff in *Lamson,* in the present case, Marshall testified that this was her first visit to Dillard's in Mobile and that from her vantage point "her view of rack footing was obstructed by merchandise." (Doc. 54 at 11)(*See* Ex. 1 69: 6-70:2). Although Dillard's argues that they are not under a duty "to reconstruct or alter the premises so as to obviate known or obvious dangers," a reasonable jury could find that the ballet bar was a defect that was "unknown or hidden to the invitee," which created the duty to disclose of hidden defects. *Raspilar,* 514 So. 2d at 1024.

In *Hatfield v. Kmart Corp.,* 2005 WL 3115288 (M.D. Ala. Nov. 18, 2005), the plaintiff, identified as a frequent shopper at K-Mart, tripped over a clothing rack which was protruding slightly into the aisle. Hatfield testified that she saw the rack, but did not see the bottom of the rack because clothes hid the base of the rack. The court held that a reasonable jury could conclude there was a defective condition that resulted in Hatfield's fall, "namely a rack placed in an aisle," and "that K-Mart created the condition, which allows notice to be imputed to it." *Id.* at *3.

The argument that the condition of Marshall's fall was open and obvious is an affirmative defense, for which Dillard's bears the ultimate burden of proof. *Dolgencorp, Inc. v. Taylor* 28 So. 3d 737, 742 (Ala. 2009). "Openness and obviousness of a hazard, if established, negates the invitor's duty to eliminate the hazard or to warn the invitee of the hazard. This negation of duty, in and of itself, defeats the invitee's injury claim without the operation of any affirmative defenses such as

contributory negligence or assumption of risk." *Id.* "Questions of openness and obviousness of a defect or danger and of an [invitee's] knowledge are generally not to be resolved on a motion for summary judgment." *Kraatz*, 775 So. 2d at 804 (citing *Harding v. Pierce Hardy Real Estate*, 628 So. 2d 461, 463 (Ala. 1993)).

"Alabama courts have 'held that summary judgment is proper on the issue of whether a defect was open and obvious when the *undisputed* evidence shows that the plaintiff was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger." *Hatfield*, 2005 WL 3115288, at *2 (quoting *Harding*, 628 So. 2d at 463). "The premises owner has no duty to warn the invitee of open and obvious defects in the premises, which the invitee is aware of or should be aware of through the exercise of reasonable care." *Woodward v. Health Care Auth. of the City of Huntsville*, 727 So. 2d 814, 816 (Ala. Civ. App.1998). "A condition is 'obvious' if the risk is apparent to, and of the type that would be recognized by, a reasonable person in the position of the invitee." *Id* at 816. "In a premises liability setting, we use an objective standard to assess whether a hazard is open and obvious…[t]he question is whether the danger should have been observed, not whether in fact it was consciously appreciated:"

> In order for a defendant-invitor in a premises-liability case to win a summary judgment or a judgment as a matter of law grounded on the absence if a duty on the invitor to eliminate open and obvious hazards or to warn the invitee about them, the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap… This court has expressly rejected the notion that an invitor owes a duty to eliminate open and obvious hazards or to warn the invitee about them if the invitor should anticipate the harm despite such knowledge or obviousness.

11

*Dolgencorp*, 28 So. 3d at 742 (quotations and emphasis omitted).

In *Dolgencorp*, the Supreme Court of Alabama held that the cases of merchandise that caused the customer to fall were an open and obvious hazard, therefore, no duty was owed to the customer to warn of the hazard. The customer brought suit against a retail store asserting claims of negligence and wantonness after falling over boxes filled with merchandise in a store aisle. After finding in favor of the retail store, the court reasoned that "no evidence was presented indicating that the cases of merchandise were in any way obscured or hidden from view, rather the evidence clearly established that the cases of merchandise had been placed in the aisles in plain view of anyone attempting to navigate the aisles." *Id*. at 744-45.

"The test to determine whether a hazard is open and obvious is an objective one." *Id*. at 744. Distinguishable to *Dolgencorp*, where the customer was a regular shopper for over two years and testified that she noticed and moved other "open and obvious" boxes prior to her fall, Marshall's deposition established that it was her first visit to Dillard's in Mobile. Dillard's owes Marshall a duty to warn her of a defect or hazard if it is objectively viewed as open and obvious.

Dillard's maintains that the ballet bar is "ubiquitous in clothing retail outlets across the United States." (Doc. 51 at 13). Additionally, Dillard's assert that the leg of the ballet bar was open and obvious and that any person in the exercise of reasonable care would have observed it. In support of its argument, Dillard's cites *Shiekh v. Lakeshore Foundation,* 64 So. 3d 1055 (Ala. Civ. App. 2010), where the plaintiff tripped over cables, which were three inches above the floor, stretched across

an exercise facility. The court held that a reasonable person using an exercise facility is expected to be aware of certain hazards that may exist below eye level.

Dillard's also cites *Foster v. Target Stores, Inc*. 2016 WL 3055017 (N.D. Ala. May 31, 2016), to argue that the spacing between the ballet bar and the table was also open and obvious. In *Foster*, the plaintiff maintained that Target failed to provide enough space between wheel stops, which caused her to fall. The court granted the summary judgment finding that the wheel stop was open and obvious and that the plaintiff "simply presented no evidence that the wheel block was a hidden defect." *Id*. The court also highlighted that the plaintiff regularly parked in the Target handicapped parking spaces and was aware of the wheel stops. The court held that the plaintiff's spacing argument unavailing because it is evident that she appreciated and was aware of the wheel stops, specifically because of her frequent visits to Target. The court reasoned that the "record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap." *Id*. (quoting *Nonnenmann*, 842 So.2d at 653-54).

Summary judgment is only appropriate when "undisputed evidence shows that the plaintiff was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger." *Harding*, 628 So.2d at 463. Under Alabama laws, courts have noted, "summary judgment is rarely appropriate in negligence and personal injury cases." *Ex Parte Mountain Top Indoor Flea Market, Inc.*, 609 So. 2d 158, 161 (Ala. 1997). Marshall presents evidence that there exists a genuine issue from the facts presented. Additionally, a reasonable jury could find

that the ballet bar was not open and obvious due to the positioning of the horizontal foot of the ballet bar (hidden by merchandise) and the display table, which failed to make the base visible. Upon consideration, the undersigned finds that Marshall has produced sufficient evidence demonstrating a genuine dispute of material facts.

### B. Wantonness

Dillard's further argues that the wantonness claim should fail due to the lack of evidence. "The Alabama Code defines 'wantonness' as '[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others.'" *Giles v. Winn-Dixie Montgomery, LLC*, 2014 WL 252089 *4 (S.D. Ala. Jan. 23, 2014) (quoting *Allen v. Con-Way Truckload, Inc.*, 2012 WL 3775735, 3 (N.D. Ala. 2012) (quoting §6-11-20(b)(3), Ala. Code 1975)).. Wantonness requires the "conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Id.* (quoting *Clark v. Kindley*, 10 So. 3d 1005, 1008 (Ala. Civ. App. 2007). Marshall does not contend that Dillard's engaged "in any wanton activity in connection with this incident." (Doc. 54 at 19). Therefore, the undersigned finds that summary judgment as to wantonness is due to be granted.

## IV. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment (doc. 50) is **GRANTED** as to the wantonness claim and is otherwise is **DENIED**.

**DONE** and **ORDERED** this 30th day of **July 2019**.

*/s/ Katherine P. Nelson*
**UNITED STATES MAGISTRATE JUDGE**